BOYER, Judge.
This case is before us on petition for writ of ceriorari by which this Court is requested to review and quash a final decision of the Administration Commission of the State of Florida in which the Commission approved a budget for the Sheriff of Broward County in excess of the budget earlier unanimously approved by the Board of County Commissioners and later sustained by the State Board of Administration, prior to reversal by the Administration Commission.
Following the reversal order by the Administration Commission petitioner here moved for a rehearing which was denied. Petition for writ of certiorari was filed in this Court within 30 days after the denial of the motion for rehearing but more than *605 30 days following the reversal order of which rehearing was sought. Respondents now move to dismiss the petition for writ of certiorari, alleging that the order of the Administration Commission was final when entered (F.S. 30.49(5) ) and that there is no provision for a motion for rehearing, concluding therefore that the petition for writ of certiorari in this Court was not timely filed and that we are accordingly without jurisdiction to entertain same.
The Administration Commission is a creature of statute (F.S. 20.31). That Commission has failed to adopt rules as required by its creating statute. (F.S.A. 20.-31(2) )
F.S. 120.021 and F.S. 120.21 defines the term “agency” as used in that chapter to mean, among other things, a commission. It appears therefore, and we hold, that the legislature intended for Chapter 120 Florida Statutes to be applicable to the Administration Commission.
F.S. 120.22 provides for hearings for all parties (unless waived or otherwise provided by law) and F.S. 120.26(4) clearly contemplates provision for a motion for rehearing.
Chapter 120 Florida Statutes, the Administrative Procedure Act, being applicable to the proceedings giving rise to the case sub judice, and that chapter contemplating a hearing and opportunity to seek a rehearing (by submission of exceptions), it follows that the motion for rehearing tolled the time for the filing of the petition for writ of certiorari in this Court. Accordingly, the motion to dismiss must be, and is, denied.
The respondents’ motion to quash, based essentially upon the same allegations as those set forth in the motion to dismiss, is also denied.
The respondents have also moved this Court to issue an order pursuant to Rule 5.12 F.A.R. requiring petitioner to post a bond. That motion is denied.
Respondents have filed an additional motion to expedite this cause. That motion is granted. It appearing that the petitioner filed herein its brief on January 20, 1975, respondents are allowed ten (10) days from date hereof within which to file their brief and petitioner is allowed five (5) days from date of receipt of a copy of respondents’ brief within which to file petitioner’s icply brief.
It is so ordered.
RAWLS, C. J., and McCORD, J., concur.